No. 64,946

In the Matter of LAVONE A. DAILY, *Petitioner.*
(897 P.2d 1039)

On the 18th day of January, 1991, petitioner Lavone A. Daily was indefinitely suspended from the practice of law in Kansas. *In re Daily*, 248 Kan. 158, 804 P.2d 993 (1991).

On the 29th day of April, 1994, petitioner filed a petition with this court for reinstatement to the practice of law in Kansas. The petition was referred to the Disciplinary Administrator for consideration by the Kansas Board for Discipline of Attorneys, pursuant to Supreme Court Rule 219 (1994 Kan. Ct. R. Annot. 223). On February 24, 1995, a hearing was held before a panel of the Board in Topeka, Kansas.

On April 4, 1995, the panel filed its report setting out the circumstances leading to petitioner's suspension, a summary of the evidence presented, and the panel's findings and recommendations. The panel unanimously recommended that petitioner be reinstated to the practice of law in Kansas. Since the report recommends reinstatement, nothing further is required of petitioner, and, pursuant to Supreme Court Rule 219, the matter is deemed submitted for consideration by this court.

In *State v. Russo*, 230 Kan. 5, Syl. ¶ 4, 630 P.2d 711 (1981), this court stated eight factors to be considered in determining whether a disbarred attorney should be readmitted to the practice of law. The panel stated that it considered the evidence as to all of those factors. The panel, in rejecting the Disciplinary Administrator's contention that the underlying offense was so serious as to preclude reinstatement, acknowledged that this is an issue on which reasonable people "may and do differ." The panel further found such an argument for permanent disbarment was inconsistent with the discipline of indefinite suspension. The panel concluded:

"While this Panel recognizes the seriousness of Ms. Daily's deceit of her stepdaughter for her own purposes, compounded by perjury, the conduct does not seem as morally repugnant as the underlying offenses in *Russo*, who had been disbarred. The Panel concludes that in view of Ms. Daily's age, her efforts to

rehabilitate herself for reinstatement, her obvious humiliation by the discipline imposed upon her, and the undisputed evidence from mental examinations that Petitioner is mentally competent to practice law, that no purpose would be served by lengthening the suspension beyond the four years Ms. Daily has now been suspended. As the Court and the panel who heard the original disciplinary case concluded, Ms. Daily's conduct was aberrational in an otherwise long legal career during which she apparently enjoyed an excellent reputation. The suspension has been of a length sufficient to appropriately serve as a deterrent to others who might be similarly inclined and has appropriately punished Ms. Daily who appears unlikely to repeat similar behavior."

A majority of this court, after carefully considering the record, accepts the recommendations of the panel and finds that petitioner should be reinstated to the practice of law. This court also finds that petitioner should be required to comply with Supreme Court Rule 807(b) (1994 Kan. Ct. R. Annot. 470).

IT IS THEREFORE ORDERED that, upon proof of her compliance with Supreme Court Rule 807(b), Lavone A. Daily shall be reinstated to the practice of law in the State of Kansas. At that time, the Clerk of the Appellate Courts is directed to enter petitioner's name on the roll of attorneys engaged in the practice of law in Kansas.

IT IS FURTHER ORDERED that the costs of this proceeding be assessed to petitioner and that this order be published in the official Kansas Reports.